STEPHANIE YONEKURA
Acting United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
JOHN J. KUCERA (Cal Bar No. 274184)
Asset Forfeiture Section
VICKI CHOU (Cal. Bar No. 248598)
Assistant United States Attorney
OCDETF Section
     1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone:    (213) 894-3391/8692
     Facsimile:    (213) 894-0141
     E-mail:  Vicki.Chou@usdoj.gov
              John.Kucera@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,           Plaintiff,                   v.   XILIN CHEN,           Defendant. | No. CR 14-0499-PA   ORDER |

The Court has read and considered the Stipulation Regarding Protective Order filed by the parties in this matter on September 15, 2014.  The Court hereby finds that the Stipulation, which this Court incorporates by reference into this Order, demonstrates facts that provide good cause for the entry of a protective order (the "Protective Order") in the above-captioned case.

THEREFORE, FOR GOOD CAUSE SHOWN:

    1.   The government may produce this material without redacting personal identifying information from the discovery.

4. All materials designated by the government as "SUBJECT TO PROTECTIVE ORDER" (hereinafter "protected materials") that the government produces to the defense are subject to the Protective Order and are solely for the use of defendant, his attorney, or other individuals or entities acting within the attorney-client relationship to advise defendant in this case or to prepare for the trial (collectively, the "Defense Team").  The purpose of the Protective Order is to prevent the unauthorized dissemination, distribution, or use of the protected materials.

5. The Defense Team is prohibited from directly or indirectly providing access to, or otherwise disclosing the contents of the protected materials to anyone not working on the defense of this criminal case, or otherwise making use of the protected materials in a manner unrelated to the defense of this criminal case.

6. The Defense team shall maintain all the protected materials received from the government in a manner consistent with the terms of this Protective Order.  The protected materials in this case shall be kept in a secure place to which no person who does not have reason to know its contents has access.

7. Counsel for defendant may review the content of any of the protected materials in this case which is all produced pursuant to the Protective Order with a witness or potential witness in this case.  Before being shown any item, however, any witness or potential witness must be informed of, and agree to be bound by, the requirements of this Protective Order. That is, any witness or potential witness shall not disclose to any other person or entity any information covered by this Protective Order.  Further, any witness or potential witness may not retain documents or items, or

any part of any document or item, or any reproduction or copy thereof, after his or her review of such document with counsel for a defendant is complete. Further, any witness or potential witness may not write, make, or retain any notes, or cause any person other than defendant's attorney to write, make, or retain any notes that include any information from the discovery produced in this case.

8. The protected materials produced in this case shall be viewed only for this case. Upon the final disposition of this case, whether by guilty plea, conviction at trial, or otherwise, none of the protected materials obtained during the course of litigation in this matter may be used, in any way, for any reason, absent the express written agreement of the government or an order by this Court. Within thirty days of the final judgment and commitment order, counsel for defendant shall (a) destroy or return to the government all copies of all the protected materials in whatever form (e.g., printed or digital); and (b) certify in writing that he or she has complied with the terms of this provision. In the event that the post-conviction process exceeds a year, counsel for defendant may extend the period of document retention through express agreement of the government or an order by the court with jurisdiction over any post-conviction motions. Should counsel for defendant wish to retain a redacted copy of materials, counsel for defendant may do so after obtaining approval of redactions from the government of all personal identifying information.

9. This Stipulation and the Court's Order shall bind defendant and his counsel of record, including any successor.

10. Defendant and his attorney(s) are required to give a copy of this Protective Order to all individuals or entities engaged or

consulted by defense counsel in preparation of the trial in this case.  A willful violation of this protective order by defendant, his attorney(s), or others may result in contempt of court proceedings or other civil or criminal sanctions.

     IT IS SO ORDERED.

September 18, 2014
DATE

HONORABLE PERCY ANDERSON
UNITED STATES DISTRICT JUDGE